UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALIA ANN B.,

                            Plaintiff,

    -against-                                      5:21-CV-1362 (AMN/CFH)

COMMISSIONER OF SOCIAL
SECURITY,

                            Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTARTION**    **NATASHA OELTJEN, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

      On December 21, 2021, Plaintiff Malia Ann B.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

("Commissioner") denying her application for supplemental security income ("SSI") benefits. Dkt. No. 1.

Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 3, 8. This matter was referred to United States Magistrate Judge Christian F. Hummel, who, on February 23, 2023, issued an Order and Report-Recommendation ("Report-Recommendation"), recommending that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, and reverse and remand the Commissioner's decision for further proceedings. *See* Dkt. No. 17 at 30. Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Hummel recommended that the Commissioner's decision be reversed and remanded for further proceedings because the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination is not supported by substantial evidence.  Dkt. No. 17 at 28.  Magistrate Judge Hummel found that the ALJ failed to sufficiently explain his rejections of the marked limitations identified by Plaintiff's consultative examiner, Dr. Miller, when those limitations were supported by his examination findings and were consistent with the opinion of treating providers.[2]  *Id.*  Magistrate Judge Hummel also found that the ALJ failed to explain his reliance on the conclusions of the non-examining state agency consultants when those conclusions were contrary to, but also purported to rely on, Dr. Miller's opinion.  *Id.* at 18–23, 28–29; *see Elizabeth P. v. Comm'r of Soc. Sec.*, No. 3:20-CV-891 (CFH), 2022 WL 507367, at *6 (N.D.N.Y. Feb. 18, 2022) (citation omitted) (remanding where the state agency consultant "did not examine [the] plaintiff and primarily relied on [the consultative examiner's] examination, but . . . they came to slightly different conclusions, creating inconsistencies that the ALJ did not reconcile. . . .").

This Court agrees and finds that remand is warranted because the ALJ's RFC determination is not supported by substantial evidence.  *See*, *e.g., Dezarea W. v. Comm'r of Soc. Sec.,* No. 6:21-CV-01138 (MAD)(TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (remanding where the ALJ's factual findings relating to the RFC determination were not supported by substantial evidence); *Javon W. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06730 (EAW), 2022 WL 4363786, at

---

[2] An ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision."  20 C.F.R § 416.920c(b)(2).

\* 1 (W.D.N.Y. Sept. 21, 2022) (same); *Mirkazi v. Colvin*, No. 15-CV-698, 2016 WL 5110035, at \*11 (W.D.N.Y. Sept. 21, 2016) (same).  Here, the ALJ failed to adequately explain the reasons for his rejection or reliance on the medical opinions in the record in order to permit the Court to glean his rationale in making the RFC determination.  *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision") (internal quotation marks and citation omitted).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision be **REVERSED** and **REMANDED for further proceedings**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 24, 2023
           Albany, New York

Anne M. Nardacci
U.S. District Judge